**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>                                                Debtors. | FOR PUBLICATION<br><br>Chapter 11<br><br>Case No. 12-12020 (MG) |
| RESIDENTIAL LIQUIDATING TRUST,<br><br>                                                Plaintiff,<br><br>v.<br><br>MORTGAGE INVESTORS GROUP, INC., *et al.*,<br><br>                                                Defendants. | <br><br><br><br>Adv. Proc. No. 14-02004 (MG) |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO DISMISS**

*A P P E A R A N C E S:*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
*Attorneys for Plaintiff*
51 Madison Avenue, 22nd Floor
New York, New York 10010
By:     Peter E. Calamari, Esq.
        David Elsberg, Esq.
        Isaac Nesser, Esq.
        Yelena Konanova, Esq.

PALMER, LOMBARDI & DONOHUE LLP
*Attorneys for Defendants*
515 South Flower Street
Suite 2100
Los Angeles, California 90071
By:     Roland P. Reynolds, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Mortgage Investors Group, Inc. ("MIG Inc.") and American Real Estate Corporation ("AREC," and together with MIG Inc., the "Defendants") are corporations incorporated under the laws of Tennessee and are general partners in a Tennessee general partnership, Mortgage Investors Group ("MIG"), the third but non-moving defendant in this adversary proceeding. The Defendants filed a motion (the "Motion," ECF Doc. # 44) to dismiss the Second Amended Complaint (the "Complaint," ECF Doc. # 36), filed by the ResCap Liquidating Trust (the "Trust"). The Trust filed an opposition to the Motion (the "Opposition," ECF Doc. # 51) and the Defendants filed a reply (the "Reply," ECF Doc. # 54). After argument, the Court took the Motion under submission.

The Motion raises the issue under Federal Rule of Civil Procedure 17 ("Rule 17") about which state's law applies to determine the corporate Defendants' capacity to be sued in this Court and/or to be held liable for the contractual claims asserted in the Complaint. The Defendants argue that Rule 17(b)(3)—the subsection applicable to "partnerships"— applies, requiring the Court to apply forum law (here New York law) to determine the capacity of general partners to be sued for alleged contractual breaches by the partnership even if the general partners are corporations; they argue that New York law precludes pleading such contract breach claims against the general partners. The Trust argues that Rule 17(b)(2)—the subsection applicable to corporations—applies, requiring the Court to apply Tennessee law (the law of the state of incorporation of the general partners); the Trust argues that Tennessee law permits such breach of contract actions against general partners. The Trust further asserts that whether the Defendants may be liable for breaches of the partnership's contract is a substantive question requiring a New York choice of law analysis that ultimately requires the application of either

2

Tennessee or Minnesota law, both of which make general partners jointly and severally liable for the partnership's breaches of contract.

The parties' arguments are based on the faulty assumption that MIG, a Tennessee partnership, should be treated as a "partnership" under New York law. But MIG is not treated as a "partnership" under New York law; therefore, whether the Defendants are subject to subsection (b)(2) or (b)(3) of Rule 17 is immaterial to the outcome of the Motion. The Defendants may be sued in this Court for the contractual claims asserted in the Complaint regardless of which subsection applies. The Defendants' Motion to dismiss is therefore **DENIED**.

## I.    BACKGROUND

The Complaint alleges that MIG Inc. and AREC are corporations incorporated under the laws of Tennessee and are both general partners in non-moving Defendant MIG, a general partnership organized under the laws of Tennessee. (Compl. ¶¶ 14–16.) MIG and Debtor Residential Funding Company, LLC ("RFC") entered into a contract for MIG to sell mortgage loans to RFC, which contains representations and warranties regarding the mortgage loans. The contract also includes a choice of law provision stating:

> **Governing Law.**  The Program Documents are governed by the laws of the State of Minnesota, without reference to its principles of conflicts of laws.

(Compl. Ex. A ¶12; *see also id.* ¶ 3.)  The Defendants (the corporate general partners) were not parties to the contract. (*See  id..*)

The Complaint alleges two claims:  a breach of contract claim for breach of representations and warranties regarding the loans sold to RFC; and an indemnification claim for liabilities and losses RFC suffered as a result of the allegedly defective loans sold to RFC. (*Id.* ¶¶ 87–98.)

3

The original (ECF Doc. # 1) and first amended complaint (ECF Doc. # 18) only named MIG Inc. as a defendant. MIG Inc. moved to dismiss the first amended complaint, arguing that under New York law, as a general partner of the solvent MIG general partnership, MIG Inc. could not be sued. (*See* ECF Doc. # 21.) The Trust opposed the motion, arguing that under the contract Minnesota law applies and does not restrict lawsuits against a general partner. (*See* ECF Doc. # 24.) The Trust alternatively sought leave to amend the first amended complaint to add MIG and AREC, the other general partner of MIG, as defendants. (*See id.*) At a hearing on November 18, 2014, the Court set a deadline for the Trust to move for leave to amend the first amended complaint to add MIG and AREC. The Trust then timely filed a motion for leave to amend the first amended complaint to add the two new defendants. (*See* ECF Doc. # 27.) Following a hearing, the Court granted the Trust's motion to file the Complaint. (*See* ECF Doc. # 35.) This order mooted MIG Inc.'s prior motion to dismiss. MIG Inc. and its partner and co-defendant AREC, now move to dismiss the Complaint on largely the same grounds as MIG's Inc.'s prior motion to dismiss.

### A.      The Motion

The Defendants argue that under New York law, MIG Inc. and AREC are not proper parties to this adversary proceeding. According to the Defendants, Rule 17(b) requires the application of state law to determine a defendant's capacity to be sued where no claim asserted in the action arises under federal law. (Motion at 4.) More specifically, the Defendants argue that Rule 17(b) requires the "law of the state where the court is located" to determine a partnership's capacity to be sued. (*Id.*) The Defendants assert that New York law applies to the question whether the Defendants have the capacity to be sued in this case. (*Id.* at 4–5.)

4

The Defendants argue that under New York law the Complaint fails to state a breach of contract claim against the Defendants because (1) RFC only contracted with MIG, not with the Defendants, and (2) absent allegations that MIG is insolvent, New York law prohibits suing its general partners—here, the Defendants. (*Id.* at 5–9.) The Defendants further argue that application of Minnesota law, pursuant to the choice of law clause of the relevant contract, is inappropriate because the issue of a defendant's capacity to be sued is procedural, not substantive. (*Id.* at 9–11.) The Defendants also assert that Tennessee law should not apply in determining the capacity of MIG Inc. and AREC to be sued under Rule 17(b)(3). (*Id.* at 17.) According to the Defendants, such a result would "vitiate the New York scheme for suing partnerships and is not consistent with the spirit of Rule 17(b)." (*Id.*)

### B. The Opposition

The Trust argues that the Defendants conflate the question of capacity to be sued with the question of liability. (Opp. at 2–4.) According to the Trust, these are two separate questions. (*Id.*) As to the first question, the Trust argues that both Defendants have the capacity to be sued in this Court because they are Tennessee corporations whose capacities to be sued are governed by Tennessee law pursuant to Rule 17(b)(3). (*Id.* at 4–5.) As to the second question, the Trust asserts that New York choice of law rules must be used to determine whether each partner defendant is liable to the Trust. (*Id.* at 5.) The Trust contends that a New York choice of law analysis dictates that Tennessee law applies because MIG is a Tennessee partnership and "New York courts judge the liability of partners of an out-of-state partnership according to the laws of the jurisdiction where the partnership was organized." (*Id.* at 6 (quoting *Dep't of Econ. Dev. v. Arthur Andersen & Co. (U.S.A.)*, 924 F. Supp. 449, 485 (S.D.N.Y. 1996) (citations omitted)).)

5

The Trust also argues that under Tennessee law partners are individually jointly and severally liable for all partnership obligations, including those based on contract, meaning the Trust's contract claims against the Defendants survive. (*Id.* (citing TENN. CODE. ANN. § 61-1-306(a); *Hardy v. Miller*, No. M1998-00940, 2001 WL 1565549, at *4 (Tenn. Ct. App. Dec. 10, 2001)).)

Alternatively, the Trust argues that Minnesota law applies to the question whether the partner Defendants are liable because the contract's choice of law provision requires the application of Minnesota law to substantive issues. (*Id.* at 6–7.) According to the Trust, Minnesota law holds general partners jointly and severally liable for the contractual obligations of the partnership. (*Id.* at 8.) The Trust further argues that although New York law does not apply to this substantive issue, New York law would not require a different result. (*Id.* at 8.) The Trust asserts that partners of partnerships may be named as defendants in a contract-based lawsuit even if there are no allegations that the partnership is insolvent. (*Id.* at 8–10.)

## II. DISCUSSION

The purported crux of the parties' dispute on this Motion is whether MIG Inc.'s and AREC's capacity to be sued should be governed by subsection (b)(2) or subsection (b)(3) of Rule 17. Rule 17 provides in pertinent part:

> (b) **Capacity to Sue or Be Sued.** Capacity to sue or be sued is determined as follows:
>
> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
>
> (2) for a corporation, by the law under which it was organized; and
>
> (3) for all other parties, by the law of the state where the court is located, except that:

6

>  (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws;
> . . . .

FED. R. CIV. P. 17(b).

The Defendants assert that their capacity to be sued in New York should be assessed under subsection (b)(3) of this rule because "partnerships," and presumably their partners, fall within that subsection. (Motion at 4–5.) As a result, they argue, New York forum law governs their capacity to be sued and precludes the Trust's breach of contract suit against them. (*Id.* at 5–9.) By contrast, the Trust argues that the Defendants conflate two issues: (1) whether MIG Inc. and AREC, as independent corporate entities, have the capacity to be sued under Rule 17; and (2) whether MIG Inc. and AREC, as general partners, may be liable for alleged contractual breaches of MIG, the partnership. (Opp. at 2–4.) The Trust asserts that the first question is procedural—since Defendants are corporations, they fall within subsection (b)(2) of Rule 17, and Tennessee law applies. (*Id.* at 4–5.) The Trust further argues that the second question is substantive—New York choice of law rules must therefore be applied, dictating that either Tennessee or Minnesota law, not New York law, applies. (*Id.* 5–8.)

Ultimately, the parties are incorrect that the outcome of the Motion rests on whether the Defendants are subject to subsections (b)(2) or (b)(3) of Rule 17. Under either subsection, the Defendants may be sued in this Court for the contract-based claims asserted in the Complaint. Therefore, the Defendants' Motion is **DENIED**.

### A.     Rule 17(b)(3)

Each of the parties' arguments operates under the assumption that the partnership at issue in this case, MIG, should be treated as a partnership under New York law. This assumption is

7

flawed.  New York Partnership Law ("NYPL") defines a "partnership" as "an association of two or more persons to carry on as co-owners a business for profit . . . [b]ut any association formed under any other statute of this state, or any statute adopted by authority, other than the authority of this state, is not a partnership under this chapter . . . ."  N.Y. P'SHIP LAW § 10.  MIG, a foreign partnership organized under the laws of Tennessee, falls outside of this definition.

Although the Court has not found (and the parties failed to identify) any cases directly on point interpreting New York law, at least one court has addressed a case in which a foreign limited partnership and its limited partners, which were corporations incorporated in different states, were sued and Rule 17(b) was raised.  *See Gilbert Switzer & Assocs. v. Nat'l Hous. P'ship, Ltd.*, 641 F. Supp. 150, 152–53 & n.2 (D. Conn. 1986).  The court was confronted with a motion to dismiss brought by a third-party defendant arguing that diversity jurisdiction was lacking because some of the limited partners of the limited partnership-defendant and the plaintiff were from the same state.  *Id.* at 152.  The court determined that the limited partnership-defendant was a foreign partnership organized under District of Columbia law.  *Id.*  The court held that it was required to "determine whether the limited partners may sue and be sued on behalf of the [limited partnership-defendant]" pursuant to District of Columbia law because Connecticut law dictates that "the organization and internal affairs and the liability of [] limited partners" of foreign partnerships are to be governed by "the laws of the state under which a foreign limited partnership is organized."  *Id.* at 152–53 (quoting CONN. GEN. STAT. § 34-38f).  In so holding, the court said "[t]here is nothing in [CONN. GEN. STAT.] § 34-38f or in any other provision of Connecticut law to support the third-party defendants' contention that, while District of Columbia law governs the *liability* of the limited partners to third parties, Connecticut

8

law governs the *capacity* of the limited partners to sue and be sued by a third party on behalf of [the limited partnership-defendant]." *Id.* at 153. (emphasis in original).

In a footnote, the court further noted that the result would not be different if the issue were analyzed under Rule 17(b):

> A different result is not suggested by Rule 17(b), Fed. R. Civ. P., which provides, in pertinent part, that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." As noted above, there is nothing in Connecticut law to suggest that the Connecticut corporations that are limited partners of [the limited partnership-defendant] have the capacity to sue or be sued on behalf of [the limited partnership-defendant]; instead, Connecticut law indicates that these corporations would be permitted to sue and be sued in Connecticut on behalf of [the limited partnership-defendant] only if they were permitted to do so under the law of the District of Columbia. A contrary rule would presumably mean that the Connecticut limited partners of [the limited partnership-defendant] could sue or be sued in Connecticut on behalf of [the limited partnership-defendant] whereas the New York and District of Columbia limited partners could not. It is unlikely that such a curious and potentially inequitable result could have been intended by the Connecticut legislature.

*Id.* at 153 n.2 (internal citation omitted). The Court agrees with this analysis.

Rule 17(b)(3) should be read to provide that "a partnership's capacity to be sued shall be determined in accordance with the law of the forum state *as it relates to partnerships*." *Tigert v. Lord, Bissell & Brook*, No. 88-1763 (CRR), 1989 WL 44719, at *1 (D. D.C. Apr. 28, 1989) (emphasis in original). Here, the law of the forum state is New York law, and "as it relates to partnerships," New York law dictates that a foreign partnership does not constitute a "partnership." *See* N.Y. P'SHIP LAW § 10. The NYPL does not address foreign general partnerships, let alone how to treat them, unlike the Connecticut statutory law discussed in *Gilbert*; rather, foreign partnerships simply fall outside of the NYPL and are to be governed by

9

"the rules of law and equity." *See id.* § 5 (stating the law that governs for "any case not provided for in this chapter").

The lack of guidance in New York's statutory law does not evince any intent on the part of the New York legislature to treat a partner's capacity to be sued differently than the partner's liability in the case of a foreign partnership. *See Gilbert*, 641 F. Supp. at 153. While New York statutory law may be unclear, "New York courts judge the liability of partners of an out-of-state partnership according to the laws of the jurisdiction where the partnership was organized." *Dep't of Econ. Dev.*, 924 F. Supp. at 485 (citations omitted).

MIG is a partnership organized under Tennessee law. Applying the *Gilbert* court's rationale to the case at hand, if subsection (b)(3) of Rule 17 applies to the question whether MIG Inc. and AREC have the capacity to be sued, New York law requires Tennessee law to govern. The parties do not dispute that under Tennessee law, partners of a Tennessee partnership may be sued and found liable for breaches of the partnership's contracts. *See* TENN. CODE. ANN. § 61-1-306(a); *see also Hardy*, 2001 WL 1565549, at *4. Thus, the *Gilbert* Rule 17(b)(3) analysis directs that MIG Inc. and AREC may be sued in this Court for breaches of MIG's contracts.

**B.     Rule 17(b)(2)**

Even if subsection (b)(2) of Rule 17 applies, the Defendants' Motion would still be denied. The parties do not dispute that under Rule 17(b)(2), Tennessee law governs the Defendants' capacity to be sued because MIG Inc. and AREC are Tennessee corporations. The parties also do not dispute that the Defendants, as Tennessee corporations, have the capacity to be sued under Tennessee law. The parties dispute whether New York, Tennessee, or Minnesota law applies to determine the Defendants' liability for the breach of contract claims asserted in the

10

Complaint. Under both Tennessee and Minnesota law, partners of a general partnership may be liable jointly and severally for breaches of the partnership's contracts.

The parties appear to disagree whether or to what extent there is an "actual conflict" between Tennessee and Minnesota law, on the one hand, and New York law, on the other hand. *See* (Motion at 5–9); (Opp. at 6–10); (Reply at 2–5); *see also GlobalNet Financial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 382 (2d Cir. 2006) (holding under New York choice of law rules that the court must first determine whether there is an "actual conflict" between the relevant laws of the implicated jurisdictions (citing *In re Allstate Ins. Co. v. Stolarz*, 613 N.E.2d 639, 937 (N.Y. 1993); *Zurich Ins. v. Shearson Lehman Hutton, Inc.*, 642 N.E.2d 1065 (N.Y. 1994))); *see also Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 157 (2d Cir. 2012) ("If no actual conflict exists, and if New York is among the relevant jurisdictions, the court may simply apply New York law." (citations omitted)). To the extent there is a conflict, New York choice of law rules require the Court to apply either Tennessee law, the law of the state in which MIG is organized, *Dep't of Economic Dev.*, 24 F. Supp. at 485; *see also* 15A N.Y. JUR. 2d BUSINESS RELATIONSHIPS § 1546 ("Partnership activities usually are governed by the law of the place where the partnership is entered into; similarly, the rights and obligations of partners among themselves generally are determined by the law of the place where the contract of partnership is made, and not by the law of the forum where its enforcement is sought."), or Minnesota law pursuant to the choice of law provision in the contract, *see* (Compl. Ex. A ¶ 12; *see also id.* ¶ 3.); *see also Philips Credit Corp. v. Regent Health Grp., Inc.*, 953 F. Supp. 482, 502 (S.D.N.Y. 1002) (holding that New York choice of law rules recognize the validity of contractual choice of law provisions). Whether Tennessee law or Minnesota law applies to

11

determine the Defendants' liability for breach of contract by the partnership makes no difference because both states' laws impose contractual liability on general partners.

Moreover, even if there is no "actual conflict," and New York law is applied to determine the liability of the Defendants, the Defendants have failed to show that dismissal would be appropriate under New York law merely because the Complaint fails to allege that the partnership is insolvent or unable to pay its debts. The Defendants are correct that a partner's liability in New York is limited for breach of contract claims. *See, e.g.*, *Lewis v. Rosenfeld*, 138 F. Supp. 2d 466, 476–77 (S.D.N.Y. 2001). But New York law does not require dismissal of a breach of contract claim against a partner-defendant when the partnership is a named-defendant in the action. *See Beltrone v. Gen. Schuyler & Co.*, 223 A.D.2d 938, 940–41 (N.Y. App. Div. 1996) ("[Defendant] relies upon the pleading rule which requires that a cause of action against an individual partner allege that a partnership is insolvent or unable to pay its debts. That rule, however, is inapplicable where, as here, the partnership is named as a party defendant along with the individual partners.").

Thus, the Rule 17(b)(2) analysis similarly dictates that the contractual claims asserted in the Complaint may be asserted by the Trust against the Defendants and that the Defendants' Motion fails.

### III.    CONCLUSION

For the foregoing reasons, the Defendants Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 2, 2015
      New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge

12